# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY, )<br>)<br>    Plaintiff,                    )<br>)<br>vs.                                     )<br>)<br>NEU CONSTRUCTION SERVICES  )<br>INC,                                  )<br>)<br>    Serve at:                )<br>    **Registered Agent:**  )<br>    **Todd D. Neu**            )<br>    **620 N. Harrison Ave.**  )<br>    **St. Louis, MO 63122**   )<br>)<br>and                                  )<br>)<br>JOE ADAMS                      )<br>)<br>    Serve at:                )<br>    **1133 Center Drive**    )<br>    **St. Louis, MO 63117**   )<br>)<br>and                                  )<br>)<br>DEANNA DAUGHHETEE       )<br>)<br>    Serve at:                )<br>    **1133 Center Drive**    **)**<br>    **St. Louis, MO 63117**   )<br>)<br>    Defendants.            )   | Cause No.: **4:17-cv-00803** |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Depositors Insurance Company, ("Depositors"), for its Complaint for Declaratory Judgment against Defendant Neu Construction Services, Inc., Joe Adams, and Deanna Daughhetee under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, states:

**PARTIES, JURISDICTION, AND VENUE**

1. Depositors is a foreign insurance company organized and existing under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa, and authorized to do business in the State of Missouri.

2. Defendant Neu Construction Services, Inc. was at all times relevant herein a corporation organized and existing under the laws of Missouri with its principal place of business in Missouri.

3. Defendants Joe Adams and Deanna Daughhetee are individuals residing in St. Louis County, Missouri.

4. Jurisdiction is proper with this Court pursuant to 28 U.S.C. §§ 2201-2202 since Depositors Insurance Company seeks a determination of its rights and obligations under a policy of insurance which Defendant has claimed provides coverage for part of an arbitration award in the amount of $436,551.48.  Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Depositors and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs as the policy limits of Defendant's policy with Depositors is $1,000,000.00.

5. Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to the claim occurred in Richmond Heights, Missouri, within this judicial district.

**GENERAL ALLEGATIONS**

6. Depositors brings this action seeking the interpretation of a policy of insurance issued in Missouri to Defendant and a declaration of its rights and obligations to Defendant Neu Construction Services, Inc. thereunder.

7. Depositors issued Defendant a policy of insurance, Policy Number, ACP GLDO 7171363579 ("the Policy"), with effective dates of August 21, 2010 to August 21, 2011.  A copy of the Policy is attached hereto as <u>Exhibit A</u> and incorporated by referenced as if fully set forth herein.

8. Subject to certain provisions, conditions, and exclusions, the Policy provides general liability coverage to Defendant as a named insured under the Policy.

9. The Policy contains the following relevant provisions:

\* \* \*

**COMMERICAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under the policy. The words "we" "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

\* \* \*

**SECTION I – COVERAGES**
**COVERAGE A Bodily Injury And Property Damage Liability**
**1.    Insuring Agreement**
    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
        **(1)**    The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and
        **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

3

> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
>
> * * *
>
> **2.** **Exclusions**
> This insurance does not apply to:
> * * *
>
> **k.** **Damage to Your Product**
> "Property damage" to "your product" arising out of it or any party of it.
>
> **l.** **Damage to Your Work**
> "Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor,
>
> * * *
>
> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
> **2.** **Duties In The Event of Occurrence, Offense, Claim or Suit**
>   **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>     **(1)** How, when and where the "occurrence" or offense took place;
>     **(2)** The names and addresses of any injured persons and witnesses; and
>     **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
>   **b.** If a claim is made or "suit" is brought against any insured, you must:
>     **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
>     **(2)** Notify us as soon as practicable.
>
>   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
>   **c.** You and any other involved insured must:
>     **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>     **(2)** Authorize us to obtain records and other information;
>     **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

4

  **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

 **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3.** **Legal Action Against Us**
No person or organization has a right under this Coverage Part:
**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.
A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

* * *

**SECTION V – DEFINITIONS**
**16.** "Products-completed operations hazard":
 **a.** Includes all "bodily injury" and "property damage" occurring away from the premises you own or rent and arising out of "your product" or "your work" except:
  **(1)** Products that are still in your physical possession; or
  **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
   **(a)** When all of the work called for in your contract has been completed.
   **(b)** When all of the work to be done at the job site has been completed if your contact calls for work at more than one job site.
   **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
  Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete will be treated as completed.

 **b.** Does not include "bodily injury" or "property damage" arising out of:
  **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

5

    **(2)**    The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)**    Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.** "Property damage" means:
    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
    **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
    **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\* \* \*

**21.** "Your Product"
    **a.**    Means:
        **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
            **(a)**    You;
            **(b)**    Others trading under your name; or
            **(c)**    A person or organization whose business or assets you have acquired; and

**22.** "Your Work":
    **a.**    Means:
        **(1)**    Work or operations performed by you or on your behalf; and
        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

\* \* \*

10. This case arises out of a claim made by Defendants Deanna Daughhetee and Joe Adams that Defendant Neu Construction Services, Inc. performed faulty and defective work

6

while constructing an addition to Defendants Adams and Daughhetee's home located at 1133 Center Dr., Richmond Heights, MO 63117.

11. In April 2013, Defendant Neu Construction, Inc. reported this claim to Depositors.

12. On May 28, 2013, Depositors sent a letter to Defendant Neu Construction, Inc. reserving its rights concerning coverage for this claim and stating that Defendant's commercial general liability coverage may not apply to this loss. A copy of this letter is attached hereto as <u>Exhibit B</u>. This letter also stated that if Defendant Neu Construction, Inc. had any additional information that may be helpful in processing Defendant Neu Construction, Inc.'s claim, it should be forwarded to Depositors as soon as possible.

13. On August 26, 2014, after receiving no further substantive information from Defendant Neu Construction, Inc. Depositors sent a letter to Defendant Neu Construction, Inc. stating that since nothing further had been forwarded to Depositors that it was closing the file, however,  "In the event that you receive any communication concerning this loss, please contact me immediately so that we can investigate." A copy of said correspondence is copied and attached hereto as <u>Exhibit C.</u>

14. Depositors did not receive any further communication from Defendant Neu Construction, Inc. regarding this claim until after a final Judgment was rendered against Neu Construction in the State Circuit Court of Missouri affirming an Arbitration Award.

15. Without notice to Depositors, on February 7, 2014, two months before the claim was reported to Depositors, Defendants Adams and Daughhetee filed a Demand for Arbitration with the American Arbitration Association for Breach of Contract. A copy of Defendants Adams and Daughhetee's Demand for Arbitration is hereto attached as <u>Exhibit D.</u>

16. In their Demand for Arbitration, Defendants Adams and Daughhetee alleged that they suffered damages as a result of Defendant Neu Construction Inc.'s breach of its contract with Defendants Adams and Daughhetee for the remodeling of their home.

17. At no time before final judgment was entered against Neu Construction, Inc was Plaintiff informed or notified that Defendants Adams and Daughhetee filed a Demand for Arbitration and Defendant Neu Construction, Inc. retained independent counsel unknown to Plaintiff to defend it in the arbitration proceeding.

18. Throughout 2014 and 2015, Defendants Adams and Daughhetee's claim against Defendant Neu Construction, Inc. was litigated in arbitration without Depositor's knowledge and on March 24, 2015, the arbitrator granted an award of $436,551.48 plus 9% interest per annum to Defendants Adams and Daughhetee for Breach of Contract. A copy of the Arbitrator's Award is hereto attached as Exhibit E.

19. The arbitrator's award found "[t]here was overwhelming evidence that the contract deviated from the contract documents by placing the EPDM [ethylene propylene diene terpolymer] membrane above the concrete topping slab when the contract documents called for it to be below." The arbitrator found that the EPDM waterproof membrane installed by Defendant Neu Construction, Inc. allowed leaks and constituted a breach of contract. (Exhibit E, page 8.)

20. Defendant Neu Construction, Inc. did not inform or notify Depositors of the arbitrator's award for Breach of Contract.

21. On March 31, 2015, Defendants Adams and Daughhetee filed a Motion to Confirm the Arbitration Award in the Circuit Court of St. Louis County, styled *Joe Adams et al. v. Neu Construction Services, Inc.*, cause number 15SL-CC01121. A true and accurate copy of

Case: 4:17-cv-00803-DDN   Doc. #:  1   Filed: 02/28/17   Page: 9 of 13 PageID #: 9

this motion is attached as Exhibit F and Defendant Neu Construction, Inc. did not inform Depositors of Defendants Adams and Daughhetee's Motion to Confirm the Arbitration Award.

22. On August 18, 2015, the Circuit Court of St. Louis County granted Defendants Adams and Daughhetee's Motion to Confirm the Arbitration award and entered judgment accordingly. A copy of the Court's Order is attached as Exhibit G.

23. Defendant Neu Construction, Inc. did not inform or notify Depositors that the court granted Defendants Adams and Daughhetee's Motion to Confirm the Arbitration Award and entered judgment thereon.

24. When Depositors became aware of the arbitration award and the court's grant of Defendants Adams and Daughhetee's Motion to Confirm the Award and entered Judgment the time to appeal these rulings had passed.

25. Depositors sent Neu Construction, Inc. a letter on January 17, 2017, informing Neu that the policy did not provide coverage for the arbitration award. A copy of this letter is attached as Exhibit H.

26. Depositors seeks a declaration that it owes no Coverage to Defendant Neu Construction, Inc. for the arbitration award and Judgment.

### GROUNDS FOR DECLARATORY RELIEF

27. Depositors incorporates by reference and re-alleges Paragraphs 1 through 26 of this Complaint as though fully stated herein.

28. An actual case or controversy of a justiciable nature exists between Depositors and Defendants concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

29. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

30. All necessary and proper parties are before the Court with respect to the matters in controversy.

31. Depositors has no adequate remedy at law.

32. In the Arbitrator's Award, the damages were found to be a result of the breach of contract by Neu Construction and as such, the award and Judgment is not a covered award and Judgment under the policy since no "occurrence" took place as defined by the Policy since Breach of Contract is not a covered occurrence under the policy. Since the Judgment is not an occurrence, there is no coverage under the Policy for the arbitration award and Judgment and Depositors does not have a duty to indemnify Defendant Neu Construction Inc. for the damages awarded in the Arbitrator's Award.

33. Further, the Policy contains a condition of coverage requiring Defendant Neu Construction, Inc. to notify Depositors as soon as practicable if a suit is brought against any insured and immediately send Depositors copies of any demands, notices, summonses or legal papers received in connection with the suit.

34. A suit, as defined by the Policy, includes a civil proceeding in which damages because of property damage to which the Policy applies are alleged, including an arbitration proceeding where these damages are claimed and to which the Defendant Neu Construction, Inc. must submit.

35. Under the clear and unambiguous terms of the policy, Defendant Neu Construction, Inc. had a duty to notify Depositors of the arbitration demand, the arbitration proceeding, the arbitration award, the Defendants Adams and Daughhetee's Motion to Confirm

the Arbitration Award, and all pleadings regarding Defendants Adams and Daughhetee's action to confirm the arbitration award, including the court's order confirming the arbitration award.

36. Defendant Neu Construction, Inc. did not inform Depositors of the arbitration demand, the arbitration proceeding, the arbitration award, the Defendants Adams and Daughhetee's Motion to Confirm the Arbitration Award, or any pleadings regarding Defendants Adams and Daughhetee's action to confirm the arbitration award, including the court's order confirming the arbitration award.

37. Depositors did not have any knowledge of the arbitration proceedings or the action in Circuit Court to confirm the arbitration award until long after final Judgment had been entered by the Circuit Court and long after there was any time to appeal such Judgment.

38. Accordingly, Depositors has suffered prejudice due to Defendant Neu Construction, Inc.'s failure to notify Depositors of the arbitration proceeding, arbitration award, or any subsequent proceedings.  Defendant Neu Construction, Inc. has failed to comply with a condition of the Policy, there is no coverage for the arbitration award under the Policy and Depositor's does not have a duty to indemnify Neu Construction, Inc. for the damages awarded in the Arbitrator's Award.

39. In addition, the Policy contains an exclusion barring coverage for damage to Neu Construction, Inc.'s "work" and to the extent that any of the damages caused to Neu Construction, Inc.'s "work", this exclusion bars coverage for such damages and therefore Depositor's does not have a duty to indemnify Neu Construction, Inc. for the damages awarded in the Arbitrator's Award.

40. The Policy also contains an exclusion barring coverage for damage to Neu Construction, Inc.'s "product" and to the extent that any of the damages caused to Neu

11

Construction, Inc.'s "product", this exclusion bars coverage for such damages and therefore Depositor's does not have a duty to indemnify Neu Construction, Inc for the damages awarded in the Arbitrator's Award.

    41.    By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between Depositors and Defendant Neu Construction, Inc. under the Policy.

    WHEREFORE, Plaintiff Depositors Insurance Company respectfully requests this Court to declare the rights and obligations of the parties under the Policy issued to Defendant Neu Construction Services Inc., and to enter judgment in favor of Depositors, adjudging and declaring:

    A.    That Defendant Neu Construction, Inc. is not entitled to coverage under any of the policies Depositors issued to Defendant Neu Construction, Inc. because the claim is not an "occurrence";

    B.    That Defendant Neu Construction, Inc. is not entitled to Coverage under any of the policies Depositors issued to Defendant Neu Construction, Inc. because Defendant failed to comply with the Policy's notice requirements;

    C.    That Depositors does not have a duty to indemnify Defendant Neu Construction, Inc. for the damages awarded in the Arbitrator's Award under the your work and your product exclusions; and

    D.    That Depositors is entitled to such other and further relief as the Court deems just and proper under the circumstances.

BROWN & JAMES, P.C.

/s/ Russell F. Watters
Russell F. Watters, #MO25758
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400 - Telephone
314-421-3128 – FAX
rwatters@bjpc.com
*Attorney for Plaintiffs*

12801170